THE POUGHKEEPSIE, HARTFORD & BOSTON RAIL-ROAD COMPANY, APPELLANT, *v.* AMBROSE N. SIMP-SON, SIDNEY VOSBURGH AND PALAN PULVER, RESPONDENTS.

*Section 33 of chapter 546 of 1866—exemption from taxation created by it—how long it continued.*

Section 33 of chapter 546 of 1866—creating the Poughkeepsie and Eastern Railroad Company—provided " that the real and personal property of said corporation, and the capital stock of the same, shall be exempt from taxation for State, county, town or municipal purposes, until a single track of said road shall be completed, for a term, however, not exceeding ten years."

*Held,* that it was the intention of the legislature to exempt the road from taxation until a single track should be completed, provided, however, that in no case should the exemption continue for more than ten years from the time of the passage of the act.

APPEAL from a judgment of nonsuit ordered by the court at the Columbia county Circuit in October, 1879.

The defendants were assessors of the town of Ancram, Columbia county, for the year 1876, and the plaintiff sought to recover damages for their assessing and causing to be taxed the railroad of the plaintiff in that town ; the plaintiff claiming that the property was exempt from taxation by virtue of the statute quoted in the opinion.

*Homer A. Nelson,* for the appellant.

*R. E. Andrews,* for respondents.

LANDON, J. :

The Poughkeepsie and Eastern Railroad Company was organized by and under chapter 546 of the Laws 1866, passed April 13, 1866. The plaintiff is its successor, and by virtue of chapter 430, Laws 1874, and proceedings had, is entitled to the benefit of the exemption from taxation granted by section 33 of the first mentioned act. That section reads as follows : " And it is hereby further provided that the real and personal property of said corporation, and the capital stock of the same, shall be exempt from taxation for State, county, town or municipal purposes, until a single track of said road shall be completed, for a term, however, not exceeding ten years."

Neither railroad company acquired any property prior to September, 1869, and none in the county of Columbia prior to 1871. In 1876, eight miles of the plaintiff's railroad had been constructed in the town of Ancram, but the single track of the entire railroad was not completed, and has not yet been.

In 1876, and after the lapse of ten years from the passage of the act of incorporation, the defendants, as assessors for the town of Ancram, assuming that the time for which the plaintiff could claim exemption had expired, assessed the property of the plaintiff in that town, and refused upon hearing the plaintiff, to erase the assessment from the roll. Afterwards the board of supervisors levied a tax upon the plaintiff upon this assessment, and the plaintiff refusing to pay it, its property was sold and the tax satisfied. The plaintiff seeks to recover from the defendants the money thus compulsorily exacted.

The learned judge in the court below held that the intent of the statute was to exempt the plaintiff from taxation until a single track should be completed, but to limit the exemption to ten years from the passage of the act.

In this construction we concur. It is a question of the meaning of legislative expression. Taxation is the rule, exemption the exception. The legislature was manifestly willing to aid this enterprise. In effect it said to the railroad company : Your property shall be exempt from taxation until a single track of your railroad shall be completed. But we do not know when you will begin ;

we do not know when you will finish; unless we impose some limit upon this exemption, you may never complete a single track, and thereupon claim exemption forever. You may long delay beginning, and then claim exemption for ten full years after you acquire each parcel of land and article of property, if, in the meantime, you fail or refuse to complete your single track. We do not invite or reward delay. Happen what may, this exemption is limited "to a term not exceeding ten years." The legislative expression manifestly means ten years from the date of the act.

The judgment must be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.